PROWEEDER v. LEWIS.

(City Court of New York, General Term. January 12, 1895.)

1. PLEADING—AMENDMENT—TITLE OF ACTION.
   Where an action is brought in the name of "L., guardian ad litem of S.," instead of "S., an infant, by L., his guardian," the defect is merely formal, and may be cured by amendment.

2. ARREST—AFFIDAVIT BY INFANT.
   An affidavit for arrest in an action for assault and battery may be made by plaintiff though he was only 10 years of age, where it does not appear that he could not understand the nature of an oath, or the nature of an unprovoked assault, and its effects on his person.

Appeal from special term.

Action by Louis Proweeder, guardian ad litem of Samuel Proweeder, against Samuel Lewis. From an order denying a motion to vacate an order of arrest, and amending title of action, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and CONLAN, JJ.

Goldfogle & Cohn, for appellant.

N. S. Levy, for respondent.

EHRLICH, C. J.    The action was begun under the above title, instead of "Samuel Proweeder, an infant, by Louis Proweeder, his guardian," etc.    The affidavit upon which the order of arrest was issued was made by the infant, and alleged an assault and battery committed upon him, from the effects of which his nose became swollen, his left eye discolored, and his left ear bruised.    That it was an action by the infant by his guardian ad litem was made evident by every allegation and feature throughout the proceeding.    For the error in not naming the infant first, and the guardian afterwards, the defendant sought to vacate the order of arrest.    The court below denied the motion, and directed that the title of the action be amended so as to read in the proper form.    The defect was formal merely, and amendable, under section 723 of the Code, almost as of course.

It was also urged by the defendant that the infant, being of the age of 10 years, could not make the affidavit on which the arrest was founded.    There is nothing in the case which intimates that the infant was so devoid of intelligence as not to understand the nature of an unprovoked assault, and its effects upon his person, or which would justify a ruling that the infant did not know the nature of an oath and the consequences of its violation.    It will therefore be inferred that he would be competent to testify upon the trial, and, if competent there, we cannot hold that he would be incompetent to make the preliminary affidavit necessary to obtain the provisional remedy of arrest in aid of his action.    At all events, the justice below exercised his discretion, which was not abused; and the order appealed from must be affirmed, with costs.    All concur.

